UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET V. BELT,<br>on Behalf of Herself and<br>All Others Similarly Situated,<br><br>       Plaintiffs<br><br>       v.<br><br>CHADRON HOUSING AUTHORITY, a Nebraska<br>Municipal Corporation, SHEILA MURDOCK, individually<br>And in her official capacity as Chief Executive of the<br>Chadron Housing Authority, and CINDY BRODRICK,<br>in her Official Capacity as Chief Executive of the CHA,<br><br>       Defendants | Case: 4:06 CV 03130<br><br>**FINAL JUDGMENT<br>AND CONSENT DECREE** |

The plaintiffs have brought an action against defendants claiming violations of the 5th and 14th Amendments to the Constitution of the United States, 42 U.S.C. §1983, §1437 and §3602. The parties desire to avoid further litigation and have reached agreement which is memorialized by this Consent Decree. Defendants do not admit any liability or wrongdoing on their part and this Consent Decree shall not constitute any admission on their part of any liability or wrongdoing here. This Consent Decree constitutes a final judgment binding on all parties to this action.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. That Margaret Belt and the Chadron Housing Authority have entered into a settlement agreement between them dated as of October 1, 2006, which is incorporated by reference herein. According to this settlement agreement, Chadron Housing Authority has agreed to compensate Belt for her damages, to take corrective action regarding her housing benefits and to provide Belt with a reasonable accommodation that will enable her to live independently in a Chadron Housing Authority apartment. In addition to these steps, Chadron Housing Authority has agreed

        to take other corrective action, as detailed in this decree as follows.

2.     That Chadron Housing Authority agrees to take all reasonable efforts to identify all former tenants of public housing managed by the Chadron Housing Authority who, at any time since January 2002, have had public housing benefits terminated without first being provided with notice of the basis of the termination and a due process hearing, or who have been evicted without judicial process. Chadron Housing Authority agrees to cooperate with High Plains Community Development Corporation, Chadron, NE to identify such individual former tenants. Chadron Housing Authority further agrees to complete identification of all former tenants pursuant to this paragraph within 6 months of the entry of this decree and to pay all associated costs.

3.     That Chadron Housing Authority agrees to take all reasonable efforts to identify all former tenants of public housing managed by the Chadron Housing Authority who were disabled and who, at any time since January 2002, have been evicted from property owned or managed by the Chadron Housing Authority. Chadron Housing Authority agrees to cooperate with High Plains Community Development Corporation, Chadron, NE to identify these individuals. Chadron Housing Authority further agrees to complete identification of all former tenants under this paragraph within 6 months of the entry of this decree and to pay all associated costs.

4.     That Chadron Housing Authority agrees to remove any record of an adverse decision contained within any files or records regarding the eviction and/or termination of housing benefits for each individual identified under paragraphs 2 and 3 above.

5.     That Chadron Housing Authority shall notify, in writing, each former tenant identified under paragraphs 2 and 3 above that the former tenant may have been erroneously evicted from their housing and that any information containing an adverse decision has been removed from the

tenant's records with Chadron Housing Authority.  Such notification shall also include a statement that each individual may be entitled to continued benefits and shall also provide a list of referral services where additional information, including legal assistance, can be obtained.

6. That Chadron Housing Authority shall review its policies and procedures regarding the termination of public housing benefits and adopt such procedures as are required to insure due process and adequate protections of tenant's rights prior to termination and eviction from property owned or managed by Chadron Housing Authority.  This review shall begin within 30 days of the entry of this decree and any procedures necessary to assure due process prior to termination of housing benefits shall be adopted within 365 days of the entry of this decree.

7. That Chadron Housing Authority shall obtain Fair Housing Training, at its expense, from either High Plains Community Development Corporation, Chadron, NE or the Nebraska Fair Housing Center, Omaha, NE.

8. That the Court shall retain jurisdiction under this Consent Decree and may order such relief as necessary to ensure full compliance by defendant Chadron Housing Authority.

9. That the plaintiff may seek enforcement of this Consent Decree or any other appropriate legal remedy from the Court, at any time, in the event that the defendant Chadron Housing Authority has failed to comply with any provision of the Consent Decree.

October 18, 2006   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge